IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR ABFC 2006-OPT2 TRUST, ASSET BACKED CERTIFICATES, SERIES 2006-OPT2, | ) ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | No. 3:15-CV-3005-N-BH |
| JEFF HOLLINGSWORTH & SHERRY HOLLINGSWORTH & JAMES WILSON & LAKEWAY FAMILY TRUST AND ALL OCCUPANTS, | ) ) ) ) ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for pretrial management.  Based on the relevant filings and applicable law, the case should be **REMANDED** to the state court *sua sponte,* and defendant James Wilson should be sanctioned.

**I.  BACKGROUND**

On April 13, 2015, Wells Fargo Bank, National Association, as Trustee for ABFC 2006-OPT2 Trust, Asset Back Certificates, Series 2006-OPT2 (Plaintiff), filed a petition for forcible detainer against Jeff and Sherry Hollingsworth and all occupants of 710 Lakeway Drive, Keller, Texas, 76248 (the Property) in the Justice Court of Tarrant County, Texas, Precinct 3.  (*See* doc. 2 at 4.)[1]  On April 27, 2015, James Wilson (Defendant), who contended that he was an occupant of the property, filed a notice of removal of the action to the federal district court for the Northern

---

[1]   Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

District of Texas, Dallas Division, on grounds of diversity jurisdiction. (*See* 3:15-CV-1298-N (N.D.

Tex.), doc. 3 at 3.)  That action was remanded to the state court *sua sponte* for lack of subject matter

jurisdiction by judgment dated May 18, 2015.  (*Id.*, doc. 9.)  On August 4, 2015, Defendant again

filed a notice of removal of the same April 13, 2015 petition for forcible detainer from the Justice

Court in Tarrant County.  (*See* 3:15-CV-2568-N (N.D. Tex.), doc. 3, doc. 4 at 4.)  That action was

also remanded to the state court *sua sponte* for lack of subject matter jurisdiction by judgment dated

September 14, 2015.  (*Id.*, doc. 8.)[2]  The judgment specifically warned Defendant that any future

removal of the same forcible detainer action absent a material change in the state court case would

result in a $100.00 monetary sanction payable to the Court.  (*Id.*)  The next day, Defendant filed this

action based on his third notice of removal of the same forcible detainer action.     (*See* 3:15-CV-

3005-N (N.D. Tex.), doc. 2 at 4.)

## II.  JURISDICTION

The notice of removal asserts that federal jurisdiction exists based on diversity of citizenship.

(doc. 3 at 3.)

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized

by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit

lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the

party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Courts have "a continuing obligation to examine the basis for their jurisdiction."  *See MCG, Inc. v.*

---

[2]  The Court noted that the action had been removed to the Dallas Division instead of the Fort Worth Division, which encompasses Tarrant County, but declined to transfer the case based on the apparent lack of subject matter jurisdiction. (*See* doc. 6 at 3-4.)

*Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  They may *sua sponte* raise the

jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009)

(even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether

jurisdiction is proper).  Accordingly, the Court must *sua sponte* determine whether it has jurisdiction

over this removed case.

Any civil action brought in state court may be removed to federal court if the district court

has original jurisdiction over that action. 28 U.S.C. § 1441(a).  A district court's original jurisdiction

is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties

of the United States. *Id.* § 1331.  Diversity jurisdiction exists in all civil actions where the amount

in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of

citizenship. *Id.* § 1332(a).  "The removing party bears the burden of showing that federal question

jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.,*

276 F.3d 720, 723 (5th Cir.2002).  "[A]ny doubt about the propriety of removal must be resolved

in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

A.    <u>Citizenship</u>

A case removed under § 1332 must have complete diversity of citizenship. *Lincoln Property*

*Co. v. Roche,* 546 U.S. 81, 84 (2005).  "Complete diversity" means that a plaintiff may not share

citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992).  A party

asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the

parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern*

*v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). Because Defendant's notice of removal

does not "distinctly and affirmatively" allege Plaintiff's citizenship or his own, he has not met his burden to show diversity of citizenship.

**B.** **Amount in Controversy**

The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction and must be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

In the context of forcible detainer actions involving foreclosed property, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession. *See Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *report and recommendation adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (collecting cases). By contrast, when the loss of title to property is at issue, the property itself is the object of the litigation and its value is the proper measure of the amount in controversy. *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *3 (S.D. Tex. Mar. 23, 2012).

As the previous cases, the only issue apparently raised by the state court forcible detainer action is the right to possession. (*See* doc. 2 at 4.) Defendant has not shown that Plaintiff seeks money damages, dispute the title to property, or seek any debt related to the property in the forcible

detainer action, so he cannot show that the amount in controversy requirement for diversity jurisdiction has been met. Consequently, he has not shown a basis for the exercise of subject-matter jurisdiction over this case.

### III. SANCTIONS

Plaintiff has twice unsuccessfully attempted to remove the same forcible detainer action from the Justice Court in Tarrant County to the Dallas Division of this Court. In his last attempt to remove a state criminal action, he was specifically warned that any future removal absent any material change in the state court case would result in the imposition of a $100.00 monetary sanction payable to the Court. The day after the warning was issued, he again removed the same forcible detainer action from the Justice Court in Tarrant County to the Dallas Division of this Court. He alleges, much less shows, any material change in the state court case.

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

When a litigant abuses the judicial process by filing frivolous actions or by commencing actions and failing to prosecute them to fruition, monetary sanctions and a prohibition "against the filing of future civil rights suits without the prior consent of a district or magistrate judge" are appropriate sanctions. *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994).

Based on its express warning and Defendant's flagrant disregard of that warning on the following day, the Court should order him to pay a $100 monetary sanction to the Clerk of Court. It should also require him to pay this monetary sanction before filing any new civil action in federal court and provide proof of payment of such sanction when he files the new action. The Court should also warn him that he may be subject to additional monetary sanctions and/or a bar from filing any lawsuit in this Court if he continues to remove the same forcible detainer action from the Justice Court in Tarrant County to any division in this Court.

## IV. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the Justice Court of Tarrant County, Texas, Precinct 3, for lack of subject matter jurisdiction. Defendant James Wilson should be sanctioned $100.00, and he should be required to pay this monetary sanction before filing any new civil action in federal court and provide proof of payment of such sanction when he files the new action. He should also be warned that he may be subject to additional monetary sanctions and/or a bar from filing any lawsuit in this Court if he continues to remove forcible detainer actions from the Justice Court in Tarrant County to any division in this Court.

**SO RECOMMENDED this 17th day of September, 2015.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE